UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>       Plaintiff,<br><br>      v.<br><br>R S HOSPITALITY, LLC, a Texas Limited Liability Company; RUSTAM MISTRY, an individual; and SALIMA MISTRY, an individual,<br><br>       Defendants. | **OPINION**<br><br>Civ. No. 15-04067 (WHW)(CLW) |

**Walls, Senior District Judge**

  Plaintiff Baymont Franchise Systems, Inc. moves under Fed. R. Civ. P. 55 for default judgment against Defendant R S Hospitality, LLC. Baymont Franchise Systems asserts that Defendant breached a franchise agreement for the operation of a lodging facility. Defendant has failed to plead or otherwise defend this lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

  Baymont Franchise Systems, Inc. ("BFS") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant R S Hospitality, LLC ("R S Hospitality") is a Texas limited liability company. *Id.* ¶ 2.

  On March 31, 2008 BFS entered into a franchise agreement with R S Hospitality for the operation of an 89-room Baymont guest lodging facility in Dallas, Texas. *Id.* ¶ 15; Franchise Agreement, Compl. Ex. A at 1. Under the agreement, R S Hospitality was obligated to operate a

1

Baymont guest lodging facility until February 28, 2033, and was required to make certain payments to BFS for royalties, service assessments, taxes, interests, reservation system user fees, and other fees (collectively, "Recurring Fees"). Affidavit of Suzanne Fenimore ¶ 5, ECF No 35-4; *see* Franchise Agreement § 7. Interest was to be paid "on any past due amount payable to [BFS] under this Agreement at the rate of 1.5% per month . . . accruing from the due date until the amount is paid. Fenimore Aff. ¶ 6. Defendant was also required to prepare and submit monthly reports to BFS for the purposes of establishing the amount of royalties and Recurring Fees due, and to maintain accurate financial information relating to gross revenue. *Id.* ¶¶ 7–8. Defendant also agreed to allow BFS to examine, audit, and make copies of the entries in these records. *Id.* ¶ 8; Franchise Agreement §§ 3.8, 4.8.

Section 11.2 of the Franchise Agreement allowed BFS to terminate the Franchise Agreement if R S Hospitality discontinued operating the hotel or lost possession of the right to possess the Facility. Fenimore Aff. ¶ 9. R S Hospitality lost possession of the Facility to a third party on October 7, 2009, at which time RS Hospitality owed Recurring Fees pursuant to the Franchise Agreement. *Id.* ¶¶ 11–12.

BFS filed the complaint in this matter on June 16, 2015. Compl.; *see* Cert. of Bryan P. Couch, ECF No. 35-3. Defendants answered on October 16, 2015. ECF No. 9. On November 1, 2017, Counsel for Defendant was granted leave to withdraw as counsel. ECF No. 27. Judge Waldor then issued an Order to Show Cause directing Defendants to identify new counsel, and defendant Rustam Mistry advised the Court that he would not be retaining counsel for R S Hospitality on January 16 2018. Couch Aff. ¶¶ 9–10.

The Clerk of the Court entered a default against Defendant on January 24, 2018 for its failure to plead or otherwise defend its action. *Id.* ¶ 12; *see* ECF No. 34. BFS informed

Defendant of this entry of default by letter. Couch Aff. ¶ 13. Defendant has not responded. BFS now seeks $99,051.59 in damages for outstanding Recurring Fees and interest. Fenimore Aff. ¶ 14.

## STANDARD FOR DEFAULT JUDGMENT

Three factors are considered when evaluating a motion for default judgment under Fed. R. Civ. P. 55: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Factual allegations in a complaint will be treated "as conceded by the defendant," *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005), but a court will inquire "into whether the unchallenged facts constitute a legitimate cause of action." *Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept the alleged amount of damages as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A court may determine damages without a hearing "as long as [it] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendant is a citizen of Texas. *Id.* ¶ 2. The amount in controversy at the time of filing exceeded $75,000. Fenimore

3

Aff. ¶ 14; *id.* Ex. C. Personal jurisdiction exists because Defendant consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." *Id.* Ex. A § 17.6.3.

## II. Default Judgment is Appropriate

This action is based on the Defendant's breach of contract. New Jersey law governs the contract under the franchise agreement's choice of law provision. Fenimore Aff. Ex. A § 17.6.1. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The parties here entered into a contract for the operation of a Baymont lodging facility in exchange for Recurring Fees. Defendant breached that contract by failing to maintain possession of the property when it lost possession of the Facility to a third party on October 7, 2009. BFS performed its own contractual obligations by providing the services promised. *See* Fenimore Aff. Ex. B (itemizing BWS's services that were the basis for the Recurring Fees). Damages resulted from the breach because BFS performed services without receiving compensation. Plaintiff has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Default judgment is appropriate. BFS will suffer prejudice if default is denied because it will continue to not receive the fees to which it is contractually entitled. Defendant has not put forward facts or arguments to suggest that they have a litigable defense. They have failed to retain new counsel since Judge Waldor's Order to Show Cause. Having considered the *Chamberlain* factors in light of these facts, the Court grants default judgment.



### III. The Amount of Damages Is Satisfactorily Established

BFS seeks damages of $99,051.59. Fenimore Aff. ¶ 12. That amount accounts for Recurring Fees and liquidated damages owed by Defendant, inclusive of interest calculated at 1.5% per month under section 7.3 of the franchise agreement. The Court has reviewed BFS's submissions as to these Recurring Fees and finds that they accurately and reasonably represent the amount Defendant owe to BFS. *See id.* Ex. C (Itemized Statement of Recurring Fees owed as of July 14, 2016). The damages asserted are reasonable under the circumstances, do not require further inquiry, and will be awarded by the Court.

### CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $99,051.59. An appropriate order follows.

DATE: 12 July 2018

William H. Walls
Senior United States District Court Judge