# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>R S HOSPITALITY, LLC, a Texas Limited Liability Company; RUSTAM MISTRY, an individual; and SALIMA MISTRY, an individual,<br><br>                      Defendants. | **OPINION**<br><br>Civ. No. 15-04067 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Baymont Franchise Systems, Inc. moves under Fed. R. Civ. P. 56 for summary judgment as to Count Four of their complaint against Defendants Rustam and Salima Mistry only. Baymont Franchise Systems asserts that Defendants are liable to them as guarantors of a franchise agreement, of which Defendants are alleged to be principals, that was breached by RS Hospitality LLC. Defendants have not submitted papers opposing Plaintiff's motion. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Baymont Franchise Systems, Inc. ("BFS") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant R S Hospitality, LLC ("R S Hospitality") is a Texas limited liability company. *Id.* ¶ 2. Defendants Rustam and Salima Mistry ("Defendants") are principals of RS Hospitality. Answer ¶ 3, ECF No. 7.

1

On March 31, 2008 BFS entered into a franchise agreement with R S Hospitality for the operation of an 89-room Baymont guest lodging facility in Dallas, Texas. Compl. ¶ 15; Franchise Agreement, Compl. Ex. A at 1. Under the agreement, R S Hospitality was obligated to operate a Baymont guest lodging facility until February 28, 2033, and required to make certain payments to BFS for royalties, service assessments, taxes, interests, reservation system user fees, and other fees (collectively, "Recurring Fees"). Affidavit of Suzanne Fenimore ¶ 5, ECF No 35-4; *see* Franchise Agreement § 7. Interest was to be paid "on any past due amount payable to [BFS] under this Agreement at the rate of 1.5% per month . . . accruing from the due date until the amount is paid." Fenimore Aff. ¶ 6. R S Hospitality was also required to prepare and submit monthly reports to BFS for the purposes of establishing the amount of royalties and Recurring Fees due, and to maintain accurate financial information relating to gross revenue. *Id.* ¶¶ 7–8. R S Hospitality also agreed to allow BFS to examine, audit, and make copies of the entries in these records. *Id.* ¶ 8; Franchise Agreement §§ 3.8, 4.8.

Section 11.2 of the Franchise Agreement allowed BFS to terminate the Franchise Agreement if R S Hospitality discontinued operating the hotel or lost possession of the right to possess the Facility. Fenimore Aff. ¶ 9. R S Hospitality lost possession of the Facility to a third party on October 7, 2009, at which time RS Hospitality owed Recurring Fees pursuant to the Franchise Agreement. *Id.* ¶¶ 11–12.

In conjunction with the Franchise Agreement, Defendants executed a Guaranty Agreement ("Guaranty") with Plaintiff in which they "guarant[eed] that Franchisee's obligations under the Agreement...will be punctually paid and performed." Fenimore Aff. Ex. B. Defendants both personally signed the Guaranty. Cert. of Bryan P. Couch, ECF. 35-3 at Exs. A-B; R. Mistry Dep. Tr. at 43:20-44:11; S. Mistry Dep. Tr. at 24:9-15.

The Clerk of the Court entered a default against R S Hospitality on January 24, 2018 for its failure to plead or otherwise defend its action. *Id.* ¶ 12; *see* ECF No. 34. BFS informed R S Hospitality of this entry of default by letter. Couch Cert. ¶ 13. R S Hospitality did not respond. BFS then sought $99,051.59 in damages for outstanding Recurring Fees and interest from R S Hospitality, ECF No. 35, which was granted by this Court on July 12, 2018. ECF Nos. 39, 40. Plaintiff now seeks summary judgment against Defendants as to Count Four of the complaint, which alleges payment owed to Plaintiff by Defendants under the terms of the Guaranty.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Defendants have failed to respond. A summary judgment motion should not be granted simply because it is unopposed, but instead because it is appropriate. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). However, Local Rule 56.1 states that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *See* L. Civ.

R. 56.1. Consequently, Plaintiff's Statement of Undisputed Material Facts ("SUMF"), ECF. 38-3, will be taken as undisputed for purposes of resolving the present motion.

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendant is a citizen of Texas. *Id.* ¶ 2. The amount in controversy at the time of filing exceeded $75,000. Fenimore Aff. ¶ 14; *id.* Ex. C. Personal jurisdiction exists because Defendant consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." *Id.* Ex. A § 17.6.3.

### II. Summary Judgment is Appropriate on Count Four

New Jersey law governs the contract under the franchise agreement's choice of law provision, to which the Guaranty is attached. Fenimore Aff. Ex. A § 17.6.1; Ex. B. To be entitled to a judgment on a guaranty, the movant must show "1) execution of the guarantee by the guarantor (i.e., that it was the defendant who signed the guarantee); 2) the principal obligation and terms of the guaranty; 3) the lender's reliance on the guaranty in extending monies to the borrower; 4) default by the principal obligator; 5) written demand for payment on the guarantee; 6) failure of the guarantor to pay upon written demand." *U.S. on Behalf of Small Bus. Admin. v. DelGuercio*, 818 F. Supp. 725, 727–28 (D.N.J. 1993).

All of the above elements have been met. First, Defendants admit they signed the Guaranty and understood they would be responsible for payments and obligations owed under it. SUMF ¶¶ 31-37. Second, the Guaranty is clear in its terms: "Upon default by Franchisee [(RS

Hospitality)] and notice from you we will immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement." Fenimore Aff. Ex. B. Third, the Guaranty makes clear Plaintiff's reliance in its opening clause by acknowledging the purpose of the Guaranty is "[t]o induce [Plaintiff] to sign the Franchise Agreement." *Id.* Fourth, this Court has already found the principal obligor under the Franchise Agreement, R S Hospitality, to be in default under the terms of the agreement. *See* ECF No. 39 at 4-5 ("[R S Hospitality] breached th[e] contract by failing to maintain possession of the property," resulting in damages of $99,051.59). Finally, Plaintiff informed Defendants of the outstanding payments, SUMF ¶ 38, which Defendants have not paid to date. Plaintiff has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action. Summary judgment is appropriate because Plaintiff has shown that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law.

### III. The Amount of Payment Is Satisfactorily Established

Plaintiff seeks payment in the amount of $99,051.59, which represents outstanding Recurring Fees under the Franchise Agreement, inclusive of interest through September 23, 2017. This Court has already "reviewed BFS's submissions as to these Recurring Fees and finds that they accurately and reasonably represent the amount Defendant owe to BFS." ECF No. 39 at 5. Because Defendants are the guarantors for this payment under the terms of the Guaranty as analyzed above, they are responsible for its payment.

### IV. Attorney Fees Are Awarded

Plaintiff seeks attorneys' fees in the amount of $8,600 and costs in the amount of $2,410.90. "In the field of civil litigation, New Jersey courts historically follow the 'American Rule,' which provides that litigants must bear the cost of their own attorneys' fees." *Innes v.*

*Marzano-Lesnevich*, 224 N.J. 584, 592, 136 A.3d 108, 113 (2016). Still, "a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or *contract*." *Packard-Bamberger & Co. v. Collier*, 167 N.J. 427, 440 (2001) (emphasis added). A "[fee-shifting contractual] provision should be strictly construed in light of our general policy disfavoring the award of attorneys' fees." *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 385 (2009). Section 17.4 of the Franchise Agreement states that the "non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this agreement." Fenimore Aff. Ex. A ¶ 17.4.

The Guaranty expressly notes that the signatories "acknowledge that Section 17 of the Agreement…applies to this Guaranty." *Id.* Ex. B. This is important because it is the *only section* of the Franchise Agreement specifically referred to in the Guaranty, demonstrating the importance the contract places on its inclusion, as a guaranty is subject to traditional contractual interpretation. *See Garfield Tr. Co. v. Teichmann*, 24 N.J. Super. 519, 526 (App. Div. 1953). Thus, Defendants are responsible to Plaintiff for Plaintiff's reasonable attorneys' fees and costs in enforcing the Franchise Agreement, which result in $8,600 (under a flat rate fee) and $2,419.90 in costs (supported by billing records). Couch Cert. ¶¶ 9-13.

## CONCLUSION

Plaintiff's motion for summary judgment as to Count Four against Defendants Rustam Mistry and Salima Mistry is granted. Judgment is entered against Defendants Rustam Mistry and Salima Mistry only in the amount of $110,071.49. An appropriate order follows.

DATE: 21 August 2018

William H. Walls
Senior United States District Court Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>R S HOSPITALITY, LLC, a Texas Limited Liability Company; RUSTAM MISTRY, an individual; and SALIMA MISTRY, an individual,<br><br>　　　　　Defendants. | **ORDER**<br><br>Civ. No. 15-04067 (WHW)(CLW) |

The matter having come before the Court on Baymont Franchise Systems, Inc.'s Motion for Summary Judgment, ECF No. 38, it is hereby ORDERED that Plaintiff's motion is granted with respect to Count Four of the complaint against defendants Rustam Mistry and Salima Mistry only.

It is further ORDERED that the Clerk of Court enter judgment for Plaintiff against defendants Rustam Mistry and Salima Mistry only, in the amount of $110,071.49, comprised of:

　　(a) $99,051.59 for Recurring Fees, inclusive of prejudgment interest; and

　　(b) $11,019.90 for attorneys' fees and costs

DATE: 21 August 2018

William H. Walls
Senior United States District Court Judge

1